UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JOSE RAUL SANTIAGO-RODRIGUEZ, | ) | |
| Petitioner, | ) ) ) | Civil No. 7:19-cv-00049-GFVT |
| v. | ) ) | |
| HECTOR JOYNER, Warden, | ) ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) ) | |

*** *** *** ***

Jose Raul Santiago-Rodriguez is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Santiago-Rodriguez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] The Respondent then filed a response to that petition and Santiago-Rodriguez filed a reply brief. [R. 14; R. 20.] Thus, this matter is now ripe for a decision from this Court. For the reasons set forth below, the Court will **DENY** Santiago-Rodriguez's petition.

I

In 1996, a federal grand jury indicted Santiago-Rodriguez for carjacking, in violation of 18 U.S.C. § 2119, and carrying or using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *See United States v. Santiago-Rodriguez*, No. 3:96-cr-244-PG-1 (D.P.R. 1996). Santiago-Rodriguez proceeded to trial and was convicted on both counts. *See id.* The district court then sentenced Santiago-Rodriguez to life in prison pursuant to subsection (3) of 18 U.S.C. § 2119, a provision which states that the defendant may be "imprisoned for any number of years up to life" if death results from the carjacking. *See id.*

Santiago-Rodriguez appealed and argued, among other things, that the district court erred when it failed "to instruct [the jury] on the distinct offense element set forth in subsection (3)." *United States v. Perez-Montanez and Santiago-Rodriguez*, 202 F.3d 434, 442 (1st Cir. 2000). Santiago-Rodriguez, however, did not raise any objection to the jury instructions at trial and, therefore, the United States Court of Appeals for the First Circuit reviewed for plain error. *See id.* The First Circuit found no such error, and since it rejected Santiago-Rodriguez's other arguments as well, it affirmed the district court's judgment. *Id.* at 442–43. Santiago-Rodriguez subsequently tried to vacate his sentence pursuant to 28 U.S.C. § 2255, but his efforts were unsuccessful.

## II

Santiago-Rodriguez has now filed a § 2241 petition with this Court, and he argues that he is actually innocent of his conviction under 18 U.S.C. § 2119(3). [*See* R. 1.] Santiago-Rodriguez bases his petition on *Burrage v. United States*, 571 U.S. 204 (2014), and *Harrington v. Ormond*, 900 F.3d 246 (6th Cir. 2018). In *Burrage*, the United States Supreme Court addressed the "death results" penalty enhancement of 21 U.S.C. § 841(b)(1)(C) and held that it is "an element that must be submitted to the jury and found beyond a reasonable doubt." 571 U.S. at 210. In *Harrington*, the Sixth Circuit held that *Burrage* is a new and retroactive interpretation of 21 U.S.C. § 841(b)(1), a statute related to certain drug crimes. 900 F.3d at 249-50. Santiago-Rodriguez suggests that he is entitled to relief in light of *Burrage* and *Harrington* because he too was subject to a death results enhancement, albeit under 18 U.S.C. § 2119(3).

Santiago-Rodriguez's § 2241 petition, however, constitutes an impermissible collateral attack on the result in his underlying criminal case. While a federal prisoner may challenge the legality of a conviction and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)

(explaining the distinction between a § 2255 motion and a § 2241 petition).  After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Santiago-Rodriguez cannot use a § 2241 petition as a way of challenging the judgment in his underlying criminal case.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition.  However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).  And, in this case, Santiago-Rodriguez has not made such a showing.  To be sure, Santiago-Rodriguez relies on *Burrage*, a new interpretation of statutory law that the Sixth Circuit has said applies retroactively to cases on collateral review.  *See Harrington*, 900 F.3d at 249-50.  But *Burrage* was about an entirely different statute—a drug statute—that is simply not relevant to Santiago-Rodriguez's case.  As the Sixth Circuit recently put it in another case involving a *pro se* prisoner's § 2241 petition:

> Although *Burrage* is a case of statutory interpretation that applies retroactively to cases on collateral review, it addresses the application of a statutory enhancement under 21 U.S.C. § 841(b)(1)(C), which applies when a defendant distributes a drug that causes the victim's death or serious bodily injury.  [Petitioner's] sentence was not enhanced under § 841(b)(1)(C), nor was he convicted of a crime involving narcotics.

*Hendrickson v. Kizziah*, No. 19-5629 (6th Cir. Dec. 27, 2019) (internal citations omitted).  Thus, like the *pro se* litigant in *Hendrickson*, Santiago-Rodriguez's reliance on *Burrage* is simply

3

misplaced, and he has not demonstrated that he is otherwise entitled to collaterally attack the result in his underlying criminal case. His § 2241 petition must be denied.

### III

Accordingly, and the Court being sufficiently advised, it is **ORDERED** as follows:

1. Santiago-Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding Judgment will be entered this date.

This the 4th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge